Wrenn, Daniel M., J.
The plaintiff, David Downey has brought the present civil action pursuant to M.G.L.c. 30A, §14(7). The plaintiff was involved in a single-car motor vehicle accident on December 23, 2010. The accident involved damage to his vehicle in an amount of $7,322 and properly damage to a utility pole in the amount of $1,002. The plaintiffs insurer, Commerce Insurance Company, made payment on those amounts consistent with their insurance coverage obligations and pursuant to the applicable laws and regulations issued a surcharge notice to the plaintiff on January 7, 2011. The basis for the surcharge was Commerce Insurance’s position that the plaintiff was more than fifty (50%) percent at fault for the accident based on the plaintiffs description of the accident and the fact that this was a one-vehicle accident which circumstance gave rise to an administrative presumption set forth at 211 C.M.R. 74 §74.04(19).
Thereafter, the Board of Appeal on Motor Vehicle Liability Policies and Bonds held a hearing on October 11, 2011 wherein the Board heard testimony from the plaintiff David Downey and entered into evidence documents from Commerce Insurance which set forth the amount of monies paid on the claim as well as a copy of the written report signed by the plaintiff. The written report is consistent with the testimony offered by Mr. Downey at the hearing.
Thereafter, the Hearing Officer Kenneth Carlson issued a two-page Memorandum of Finding and Order wherein he upheld the Board’s decision to issue the subject surcharge to the plaintiff and order that the surcharge be applied in compliance with the Safe Driver Insurance Plan.
In reaching that conclusion and order the hearing officer found that the plaintiff had failed to overcome the presumption which states “The operator of a vehicle subject to the Safe Driver Insurance Plan shall be presumed to be more than 50% at fault when operating the only vehicle involved in a collision.” 211 C.M.R. 74.04(19). That is the hearing officer found that the presumption applied and based on a totality of the evidence presented that the plaintiff had failed to overcome the presumption by producing sufficient evidence at the hearing. Specifically, the hearing officer found that the accident occurred at 12:30 a.m., it was snowing, that the plaintiff was proceeding at approximately 25 miles per hour when about 4 to 500 feet in front of his vehicle the plaintiff observed a “deer” crossing the street. At that time the plaintiff applied his brakes and lost control of his vehicle striking a utility pole with the plaintiffs vehicle sustaining damages in excess of $7,300 and the utility pole being broken in two. The hearing officer noted that the plaintiff did not present a written report dated on or about the date of the collision. The plaintiff offered no evidence that the police were called to the scene and while the plaintiff stated that several individuals were following him at the time of the subject accident he offered no testimony or written statements from those individuals as to their observations of the collision.
DISCUSSION
Pursuant to M.G.L.c. 30A, §14(7) this court may reverse, remand or modify an agency decision if the substantial rights of any party may have been prejudiced because the agency decision is based on an error of law or an unlawful procedure, arbitrary and capricious or unwarranted by facts found by the agency and unsupported by substantial evidence. The plaintiff bears the burden of demonstrating the invalidity of the agency’s decision. Merisme v. Board of Appeals of Motor Vehicle Liability Policies and Bonds, 7 Mass.App.Ct. 470, 474 (1989). In reviewing an agency decision the court is required to give due weight to the experience, technical competency and specialized knowledge of the agency, as well as to the discretionary authority conferred upon it by statute. M.G.L.c. 30A, §14(7); Flint v. Commissioner of Public Welfare, 412 Mass. 416, 420 (1992). The reviewing court may not substitute its judgment for that of the agency. Southern Worcester County Regional Vocational School v. Labor Relations Commission, 386 Mass. 414, 420-21 (1982). Nor may a court reject an administrative agency’s choice between two conflicting views even though the court justifiably would have made a different choice had the matter been presented de novo. Zoning Board of Appeals v. Housing Appeals Commission, 385 Mass. 651, 657 (1982). Finally, the standard of determination of the lack of substantial evidence in support of an agency finding is demanding. The court must conclude that “the evidence points to no felt or appreciated probability of [the finding] or points to an overwhelming probability to the contrary.” M&T Charters, Inc. v. Commissioner of Revenue, 404 Mass. 137, 140 (1989), quoting from Commissioner of Revenue v. Houton Miflin Company, 423 Mass. 42, 43 (1996).
In reviewing the hearing officer’s two-page decision as well as the administrative record, exhibits along with the supplemental administrative record consisting of the testimony from Mr. Downey, the court finds that the hearing officer’s decision is not based on an error of law or unlawful procedure, was not arbitrary or capricious and the facts found by the magistrate were warranted by the evidence presented and were supported by substantial evidence.
The plaintiff has presented the court with a copy of a Superior Court Decision authored by then Superior *437 Court Justice Peter W. Agnes, Jr. Scipione v. Board of Appeals on Motor Vehicle Liability Policies and Bonds, 19 Mass.L.Rptr. 1. In the Scipione case, Judge Agnes found that the hearing officer chose to reject the only-direct testimony before the Board as to the manner in which the accident occurred. Instead the Board credited an accident account that was not testified to, but was instead contained within reports that could not be verified as to the source of the version of the accident and therefore were nothing more than rank hearsay, again unsupported by any direct testimony. Under those circumstances, which circumstances are very different than the present case, the court applied the “bubble bursting” application of the presumption. In the present case, however, the hearing officer based his decision on the direct testimony of the plaintiff, that is on his account of the accident. Based on that account the hearing officer found that the evidence supports the application of the presumption and that the plaintiff had not overcome the presumption. In reviewing the hearing officer’s findings, he noted that the plaintiff had lost control of his vehicle, that the plaintiffs vehicle sustained damages in excess of $7,300 and that the utility pole was broken in two. Thus, the hearing officer in reaching his determination relied on the direct testimony from the plaintiff not on some hearsay based document and made a factual determination that the presumption applied and the plaintiff had not introduced sufficient evidence to overcome the presumption. While this court may well have reached a different conclusion based on similar evidence, given the standard of law as set forth above, this court is not in a position to hold a de novo hearing, but instead must apply the legal standard as set forth in M.G.L.c. 30A, §14(7).
CONCLUSION
Based on the above court findings and analysis the Plaintiff David Downey’s Motion for Judgment on the Pleadings is herewith DENIED and the plaintiffs Amended Complaint for administrative appeal is herewith DISMISSED.